Slip Op. 06-175

UNITED STATES COURT OF INTERNATIONAL TRADE

CONSOLIDATED FIBERS, INC., STEIN FIBERS, LTD., BERNET INTERNATIONAL TRADING, LLC, AND BMT COMMODITY CORPORATION,

Plaintiffs,

v.

UNITED STATES,

Defendant.

Before: Leo M. Gordon, Judge

Court No. 06-00134

**OPINION AND ORDER**

[Motions to dismiss denied.]

Dated: November 30, 2006

deKieffer & Horgan (Gregory S. Menegaz, Merritt R. Blakeslee, J. Kevin Horgan) for the Plaintiffs Consolidated Fibers, Inc., Stein Fibers, Ltd., Bernet International Trading, LLC, and BMT Commodity Corporation.

James M. Lyons, General Counsel, Neal J. Reynolds, Assistant General Counsel for Litigation, Karl von Schriltz, Attorney-Advisor, United States International Trade Commission, for the Defendant.

Kelly Drye Collier Shannon (Paul C. Rosenthal, Kathleen W. Cannon, David C. Smith, Jr.) for the Defendant-Intervenors Dak Fibers, LLC, Invista S.a.r.l., and Wellman, Inc.

Gordon, Judge: Defendant and Defendant-Intervenors move to dismiss count two of Plaintiffs' complaint for lack of subject matter jurisdiction pursuant to USCIT R. 12(b)(1), and for failure to state a claim upon which relief can be granted pursuant to USCIT R. 12(b)(5). For the reasons set forth below, the motions are denied.

**I. Background**

During the five-year ("sunset") reviews of the antidumping duty orders on polyester staple fiber ("PSF") from Korea and Taiwan, Plaintiffs requested that the United States International Trade Commission ("Commission") institute a proceeding to reconsider the original PSF injury determinations because of new evidence that certain domestic producers conspired to fix PSF prices and allocate customers during the original period of investigation and part of the review period.  Letter dated Oct. 26, 2005 from deKieffer & Horgan to Secretary Abbott at 2-3, 18-22, ("Reconsideration Request"), Certain Polyester Staple Fiber from Korea and Taiwan, Inv. Nos. 731-TA-825-826. Plaintiffs argued that this conspiracy had compromised the integrity of the Commission's original investigations and that the Commission should therefore institute a reconsideration proceeding and revoke the antidumping duty orders ab initio.  Id.

Plaintiffs believed there were "striking and highly relevant parallels" between the alleged PSF antitrust conspiracy and the Commission's reconsideration proceeding in Ferrosilicon From Brazil, China, Kazakhstan, Russia, Ukraine, and Venezuela , Inv. Nos. 303-TA-23, 731-TA-566-570 and 731-TA-641 (reconsideration), USITC Pub. 3218 (Aug. 1999) ("Ferrosilicon").  Reconsideration Request at 3.  In Ferrosilicon, the Commission reconsidered original injury determinations underlying a countervailing duty order covering ferrosilicon from Venezuela, and antidumping duty orders covering ferrosilicon from Brazil, China, Kazakhstan, Russia, Ukraine, and Venezuela. Ferrosilicon began with a petition pursuant to Section 751(b) of the Tariff Act of 1930, as

amended, 19 U.S.C. § 1675(b) (2000).[1]  The Brazilian ferrosilicon importers requested a changed circumstances review of the Commission's material injury determination on Brazilian ferrosilicon because of new evidence of a price-fixing conspiracy among domestic producers.  The Commission instituted the requested changed circumstances review and self-initiated changed circumstances reviews of the related material injury determinations for ferrosilicon from China, Kazakhstan, Russia, Ukraine, and Venezuela.  Ferrosilicon From Brazil, China, Kazakhstan, Russia, Ukraine, and Venezuela, 63 Fed. Reg. 40,314 (Int'l Trade Comm'n July 28, 1998) (notice of changed circumstances reviews).

The Commission subsequently suspended these changed circumstances reviews, determining that "reconsideration" was a more appropriate procedure for review of the original determinations than a changed circumstances review. Ferrosilicon From Brazil, China, Kazakhstan, Russia, Ukraine, and Venezuela, 64 Fed. Reg. 28,212 (Int'l Trade Comm'n May 25, 1999) (notice of suspension of changed circumstances review and commencement of reconsideration proceeding).  Thereafter, the Commission reversed its original affirmative material injury determinations ab initio and issued a negative injury determination for each of the original investigations. Ferrosilicon From Brazil, China, Kazakhstan, Russia, Ukraine, and Venezuela, 64 Fed. Reg. 47,865, 47,865-66 (Int'l Trade Comm'n Sept. 1, 1999); USITC Pub. 3218 at 1. The Commission concluded on reconsideration that the domestic industry had never

----

[1]All further citations to the Tariff Act of 1930 are to the relevant provision in Title 19 of the U.S. Code, 2000 edition.

been materially injured, or threatened with material injury by reason of the ferrosilicon imports. USITC Pub. 3218 at 4.

In accordance with the Commission's action, Commerce "rescinded" the antidumping and countervailing duty orders covering the subject imports, explaining that the Commission's negative injury determinations on reconsideration had "rendered [the orders] legally invalid from the date of issuance." Ferrosilicon From Brazil, Kazakhstan, People's Republic of China, Russia, Ukraine, and Venezuela, 64 Fed. Reg. 51,097, 51,098 (Dep't of Commerce Sept. 21, 1999) (notice of rescission of antidumping duty orders).

Despite some apparent parallels of the antitrust activity among the domestic producers of ferrosilicon and the antitrust activity among the domestic producers of PSF, the Commission preliminarily denied Plaintiffs' reconsideration request. Plaintiffs, however, continued to argue in the on-going sunset reviews that the alleged price-fixing and customer allocation conspiracy had compromised the integrity of the Commission's original PSF investigation and injury determinations. Certain Polyester Staple Fiber from Korea and Taiwan, Inv. Nos. 731-TA-825-826 (Review), USITC Pub. 3843 at 16-22 (Mar. 2006). In response, petitioners—Defendant-Intervenors here—argued that Plaintiffs' price-fixing allegations related only to a PSF product known as "fine denier" PSF, which is not subject to the antidumping orders on PSF from Korea and Taiwan. Id. at 17-18.

The Commission conducted a public hearing on January 17, 2006, in which interested parties provided testimony and answered Commission questions on the

alleged antitrust conspiracy. On March 20, 2006, the Commission issued its final decision on Plaintiffs' reconsideration request (together with its final views in the sunset review of PSF from Korea and Taiwan), explaining that a reconsideration proceeding was not warranted. Id. at 16-23.

Count two of Plaintiffs' complaint challenges the Commission's decision not to revoke the original injury determinations ab initio, and by extension, the denial of Plaintiffs' reconsideration request. Defendant and Defendant-Intervenors move to dismiss count two of Plaintiffs' complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

## II. Standard of Review

In deciding a USCIT R. 12(b)(1) motion that does not challenge the factual basis for the complainant's allegations, and when deciding a USCIT R. 12(b)(5) motion to dismiss for failure to state a claim upon which relief can be granted, the court assumes all factual allegations to be true and draws all reasonable inferences in plaintiff's favor. Cedars-Sinai Med. Ctr. v. Watkins, 11 F.3d 1573, 1583-84 & n.13 (Fed. Cir. 1993); Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995) (subject matter jurisdiction); Gould, Inc. v. United States, 935 F.2d 1271, 1274 (Fed. Cir. 1991) (failure to state a claim).

## III. Discussion

### A. Subject Matter Jurisdiction

Plaintiffs assert jurisdiction for count two of their complaint under 28 U.S.C. § 1581(c) (2000) or 28 U.S.C. § 1581(i) (2000).

## 1. 28 U.S.C. § 1581(c)

Section 1581(c) provides the Court of International Trade with jurisdiction to review certain Commission antidumping determinations listed in 19 U.S.C. § 1516a(a). Plaintiffs contend that the Commission's denial of their reconsideration request "is subsumed within, and inseparable from" the Commission's final PSF sunset determination, which is one such reviewable determination pursuant to 19 U.S.C. § 1516a(a)(2)(B)(iii). (Pls.' Opp'n to Mot. to Dismiss at 6.) Although the Commission must take into account "its prior injury determinations" when conducting a sunset review, 19 U.S.C. § 1675a(a)(1)(A), that undertaking is not equivalent to a full-blown reconsideration of the underlying injury determination.

While it made sense for the Commission to consolidate Plaintiffs' reconsideration request with the ongoing sunset review for administrative efficiency, Plaintiffs are not correct that the final sunset determination and the final denial of Plaintiffs' reconsideration request are one in the same for purposes of judicial review. They are not. Different standards of review apply to each. The Commission's final sunset determination is reviewed under the substantial evidence standard. 19 U.S.C. § 1516a(b)(1)(B)(i). The Commission's denial of Plaintiffs' reconsideration request, if reviewable at all, is reviewed under the more deferential abuse of discretion standard. 28 U.S.C. § 2640(e) (2000); 5 U.S.C. § 706(2)(A) (2000); ICC v. Bhd. of Locomotive Eng'rs, 482 U.S. 270, 278 (1987) ("the basis for challenge must be that the refusal to reopen was 'arbitrary, capricious, [or] an abuse of discretion.' 5 U.S.C. § 706(2)(A)."). Accordingly, the court's jurisdictional basis for review of the Commission's final sunset

determination pursuant to 28 U.S.C. § 1581(c) (2000) and 19 U.S.C. § 1516a(a)(2)(B)(iii) does not extend to review of the Commission's denial of Plaintiffs' reconsideration request.

Plaintiffs alternatively contend that the Commission's denial of their reconsideration request falls within the scope of section 1516a(a)(2)(B)(i), which identifies other reviewable Commission determinations, specifically "[f]inal affirmative determinations by . . . the Commission under section . . . 1673d of this title, including any negative part of such a determination . . . ." The Commission's denial of Plaintiffs' reconsideration request, however, is not a final affirmative determination under section 1673d, and therefore section 1516a(a)(2)(B)(i) does not cover Plaintiffs' claim.

Had the Commission commenced a reconsideration proceeding, then the resulting reconsideration determination would have been reviewable under 28 U.S.C. § 1581(c) (2000) and 19 U.S.C. § 1516a(a)(2)(B)(i) or § 1516a(a)(2)(B)(ii). See Bhd. of Locomotive Eng'rs, 482 U.S. at 278 ("When the Commission reopens a proceeding for any reason and, after reconsideration, issues a new and final order setting forth the rights and obligations of the parties, that order—even if it merely reaffirms the rights and obligations set forth in the original order—is reviewable on its merits"); see, e.g., Elkem Metals Co. v. United States, 26 CIT 234, 238, 193 F. Supp. 2d 1314, 1319 (2002) (asserting jurisdiction over reconsideration results pursuant to 19 U.S.C. § 1516a(a)(2)(B)(ii)). Admittedly, the Commission explained its reasons for denying the reconsideration request in sufficient detail that one might conclude that the Commission "did indeed give the case a second look (and thereby 'reconsidered' in a dictionary

sense)." Betty B. Coal Co. v. United States Dep't of Labor, 194 F.3d 491, 496 (4th Cir. 1999). But in Brotherhood of Locomotive Engineers, the Supreme Court drew a bright line for courts to distinguish appealable reaffirmations from unappealable denials: the agency's "formal action" controls.

> It is irrelevant that the [agency's] order refusing reconsideration discussed the merits of the [movants'] claims at length. Where the [agency's] formal disposition is to deny reconsideration, and where it makes no alteration in the underlying order, we will not undertake an inquiry into whether reconsideration "in fact" occurred. In a sense, of course, it always occurs, since one cannot intelligently rule upon a petition to reconsider without reflecting upon, among other things, whether clear error was shown. It would hardly be sensible to say that the [agency] can genuinely deny reconsideration only when it gives the matter no thought; nor to say that the character of its action (as grant or denial) depends upon whether it chooses to disclose its reasoning. Rather, it is the [agency's] formal action, rather than its discussion, that is dispositive.

Bhd. of Locomotive Eng'rs, 482 U.S. at 280-281.

Here, the Commission did not reconsider the original injury determinations, but instead denied Plaintiffs' reconsideration request. Thus, the Court of International Trade does not have jurisdiction under 28 U.S.C. § 1581(c) (2000) to hear count two of Plaintiffs' complaint.

## 2. 28 U.S.C. § 1581(i)

Plaintiffs have also asserted jurisdiction under the Court of International Trade's residual jurisdictional provision, 28 U.S.C. § 1581(i), which provides a general grant of jurisdiction over civil actions commenced against the Commission arising out of the "administration and enforcement" of the antidumping laws. See 28 U.S.C. § 1581(i)(2) & (4) (2000). Section 1581(i) may attach, though, only if a remedy under another section of 1581 is unavailable, see Miller & Co. v. United States, 824 F.2d 961,

963 (Fed. Cir. 1987), a requisite satisfied in this case because section 1581(c), the only other potential jurisdictional provision, is unavailable.

Among other things, section 1581(i) supplies jurisdiction for Administrative Procedure Act ("APA") claims challenging the administration and enforcement of the antidumping laws by either the Commission or the United States Department of Commerce.  See, e.g., Shinyei Corp. of Am. v. United States, 355 F.3d 1297, 1309 (Fed. Cir. 2004) ("The case at bar is an action under the APA challenging Commerce instructions as in violation of section 1675(a)(2)(C).").  Although Plaintiffs' complaint does not expressly state that they are challenging the Commission's denial of Plaintiffs' reconsideration request under the APA, Defendant and Defendant-Intervenors have construed count two of Plaintiffs complaint to be such an action, which Plaintiffs have not disputed.   Defendant and Defendant-Intervenors further contend that the Commission's denial of Plaintiffs' reconsideration request is not reviewable because there are no statutory or regulatory provisions governing a reconsideration proceeding and it is therefore an "agency action . . . committed to agency discretion by law," 5 U.S.C. § 701(a)(2) (2000), a jurisdictional limitation for APA claims that applies to the general grant of jurisdiction contained in 28 U.S.C. § 1581(i) (2000).  Cf. Bhd. of Locomotive Eng'rs, 482 U.S. at 282 (noting that the limitation of 5 U.S.C. § 701(a)(2) applies to "the general grant of jurisdiction contained in 28 U.S.C. § 1331" and "the Hobbs Act as well").

The general rule is that an agency's denial of a petition for reconsideration is committed to agency discretion and not subject to judicial review unless the request is

based on "new evidence or changed circumstances," in which case the court evaluates whether "the refusal to reopen was 'arbitrary, capricious, [or] an abuse of discretion.'" Id. at 278-79 (quoting 5 U.S.C. § 706(2)(A)); see also, AT&T Corp. v. FCC, 363 F.3d 504, 507-08 (D.C. Cir. 2004); Southwestern Bell Tel. Co. v. FCC, 180 F.3d 307, 311 (D.C. Cir. 1999) ("a petition seeking review of an agency's decision not to reopen a proceeding is not reviewable unless the petition is based upon new evidence or changed circumstances."). Put another way, "[i]f the petition that was denied sought reopening on the basis of new evidence or changed circumstances, review is available and abuse of discretion is the standard; otherwise, the agency's refusal to go back over ploughed ground is nonreviewable." Bhd. of Locomotive Eng'rs, 482 U.S. at 284.

The Court in Brotherhood of Locomotive Engineers was interpreting the Interstate Commerce Act, which contained three grounds for rehearing: "material error, new evidence, or substantially changed circumstances." 482 U.S. at 277 (citing 49 U.S.C. § 10327(g), current version at 49 U.S.C. § 722(c) (2000)). Under the antidumping laws, the Commission has express statutory authorization to review its prior injury determinations upon the request of a party for a "changed circumstances" review. 19 U.S.C. § 1675(b). An interested party, in turn, has an express statutory right of judicial review (as opposed to an APA claim) if the Commission refuses to initiate a changed circumstances proceeding. 19 U.S.C. § 1516a(a)(1)(B). The court evaluates whether the refusal to initiate was "arbitrary, capricious, [or] an abuse of discretion," 19 U.S.C. § 1516a(b)(1)(A), the same standard applied when reviewing a denial of a reconsideration request under the APA for "new evidence or changed circumstances."

Plaintiffs here did not request a changed circumstances review because they were heeding the Commission's approach in Ferrosilicon. Plaintiffs therefore requested that the Commission commence a reconsideration proceeding to evaluate the new evidence relating to the antitrust activity of some members of the domestic industry, just as the Commission had done in Ferrosilicon.

Unlike the statutory provisions for a changed circumstances review, there is no express statutory authorization for the Commission to conduct a reconsideration proceeding. The Commission, however, has inherent administrative authority under the antidumping and countervailing duty laws to reconsider its original injury determinations, at least when fraud has been perpetrated on the agency during the underlying investigations. See Elkem Metals Co., 26 CIT at 240, 193 F. Supp. 2d at 1321 (reviewing Ferrosilicon); see also Alberta Gas Chems., Ltd. v. Celanese Corp., 650 F.2d 9, 12-14 (2d Cir. 1981) ("It is hard to imagine a clearer case for [the Commission] exercising this inherent power than when a fraud has been perpetrated on the tribunal in its initial proceeding."). Under Brotherhood of Locomotive Engineers, the Commission's denial of a reconsideration request is unreviewable unless the request is based on new evidence, in which case the court has jurisdiction pursuant to 28 U.S.C. § 1581(i) (2000) to review the denial under the abuse of discretion standard set forth in 5 U.S.C. § 706(2)(A) (2000).

### B. Failure to State a Claim upon which Relief can be Granted

Defendant and Defendant-Intervenors have also moved to dismiss count two of Plaintiffs' complaint for failure to state a claim upon which relief can be granted. In their

complaint Plaintiffs challenged the Commission's failure to revoke the PSF antidumping duty orders <u>ab initio</u>.  Compl. ¶¶ 7 & 25.  Defendant and Defendant-Intervenors correctly note that the antidumping statute authorizes only the Department of Commerce to revoke antidumping orders, <u>not</u> the Commission.  Def.-Intervenors' Reply Br. at 3 (citing 19 U.S.C. § 1675(d)), Def.'s Reply Br. at 13.  Therefore, to the extent count two of Plaintiffs' complaint seeks <u>ab initio</u> revocation of the antidumping duty orders by the Commission, Plaintiffs seek relief that cannot be granted.

The Commission, however, may revoke its original injury determinations.  <u>See</u> <u>Ferrosilicon From Brazil, China, Kazakhstan, Russia, Ukraine, and Venezuela</u>, 64 Fed. Reg. 47,865, 47,865-66 (Int'l Trade Comm'n Sept. 1, 1999); USITC Pub. 3218 at 1; <u>Elkem Metals Co.</u>, 26 CIT at 240, 193 F. Supp. 2d at 1321 (reviewing <u>Ferrosilicon</u>).  If it does, then Commerce revokes the antidumping duty order.  <u>See</u> <u>Ferrosilicon From Brazil, Kazakhstan, People's Republic of China, Russia, Ukraine, and Venezuela</u>, 64 Fed. Reg. 51,097, 51,098 (Dep't of Commerce Sept. 21, 1999) (notice of rescission of antidumping duty orders) (Commission's revocation of original injury determinations "rendered [the orders] legally invalid from the date of issuance.").

At a conference held on November 29, 2006, Plaintiffs' moved to amend their complaint to replace the words "antidumping duty orders" in ¶ 7 and the word "orders" in ¶ 25 with the words "injury determinations" respectively.  The court subsequently granted the motion, curing the defect in their complaint.  At the conference the court inquired whether this amendment mooted Defendant and Defendant-Intervenors' motions to dismiss for failure to state a claim upon which relief can be granted.

Defendant and Defendant-Intervenors argued that it did not, and that there was still no claim upon which relief can be granted because there is no statutory or regulatory guidance for the court to review the agency's denial of Plaintiffs' reconsideration request.  These arguments though, do not address Plaintiffs' purported failure to state a claim, but rather go to the question of subject matter jurisdiction over Plaintiffs' APA claim, which is addressed above.  The court may not dismiss Plaintiffs' claim "unless it appears beyond doubt that [they] can prove no set of facts in support of [their] claim which would entitle [them] to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Here, Plaintiffs are seeking the relief the Commission granted in Ferrosilicon. The first step for Plaintiffs is to overcome the denial of their reconsideration request. Toward that end, Plaintiffs have sufficiently plead an APA claim for which some relief is possible, namely, a finding that the Commission abused its discretion in denying the reconsideration request.  Therefore, count two of Plaintiffs' complaint must survive Defendant and Defendant-Intervenors' Rule 12(b)(5) motions to dismiss.

## IV. Conclusion

The court has jurisdiction under 28 U.S.C. § 1581(i) (2000) to hear Plaintiffs' APA claim that the Commission abused its discretion in denying Plaintiffs' reconsideration request, which was based on the newly discovered antitrust activity of members of the domestic PSF industry during the original period of investigation.  To overturn that denial, Plaintiffs must show "'the clearest abuse of discretion,'" Bhd. of Locomotive Eng'rs, 482 U.S. at 278 (quoting United States v. Pierce Auto Freight Lines, Inc.,

327  U.S.  515,  534-535  (1946)).    Accordingly,  the  court  denies  Defendant  and Defendant-Intervenors' motions to dismiss.


                                                              /s/ Leo M. Gordon
                                                             Judge Leo M. Gordon



Dated: New York, New York
            November 30, 2006